Oral Green
1511 E91ST STREET
BROOKLYN. NEW YORK, 11236
(347 522 7785)
ogreen922@gmail.com

To Whom it May Concern.....at
US Bankruptcy Trustees.
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK.

RE: ORAL M GREEN (DEBTOR)
CASE #: 120-40029-ESS

August 10th, 2020

Dear Sir/Madam,

Please take notice that I Oral M Green paid Petroff
Amshem(Attorneys at Law) $10,000 retainer for a Bankruptcy
case.  However according to our discussion, the Attorneys at
Petroff Amshem tried to repeat the same similar filing as the
previous Attorney Julio Portillo, which is and was not
conducive to my case.  So far my requests to the Attorneys
Petroff Amshem has yielded NO response that was benefiting to
my situation.

I Oral Green am requesting more time to find more time to find
new & replacement Counsel that will better support my needs,
and situations in my case, as per the motion filed by Petro
Amshem to be withdrawn from my case and released of their

duties as my Atorneys.  I am requesting an opportunity to find and secure a suitable replacement.

Enclosed is a copy of my last correspondence to Petoff Amshem, which also represents my reply and defense to my Lawyers claims for withdraw.

Yours sincerely


Oral Green

Oral Green

1511 east 91 st

Brooklyn NY, 11236

(347) 522-7785

Ogreen922@gmail.com


Oral Green
1511 E91st Street
Brooklyn, New York. 11236


Steven Amshen ;  Alex Konstantynovski
To Whom It May Concern.... at:
US Bankruptcy Trustees and
 Petroff Amshen Attorneys Office.
1795 Coney Island Avenue
3rd floor, Brooklyn NY 11230

I Oral Green am requesting more time to gather my growing list of liabilities and also to find replacement legal counsel. As per the motion filed by Petto Ashem to be withdrawn from my case and released of their duties as my attorney; I am requesting an opportunity to find and secure a suitable replacement.

Below is a copy of my last correspondence to the lawyers which also represents my reply and defense to my lawyers' claims for withdraw.

Letter to Attorneys:

As we have established, on our last phone call on January 24, 2020, I do have some reservations as it relates to the legal strategy being taken.
 Specifically, the usage of a Chapter 13 re-organization bankruptcy verses a chapter 7 liquidation bankruptcy.  As I understand it,  either option would allow for a stay on the foreclosure of the property or would give us an opportunity to present the unusual and extenuating circumstances of my case.

 In addition, as mentioned in our previous call, a Chapter 7 bankruptcy would have a powerful added benefit by allowing for the full reset or liquidation of my debts and liabilities.(Thus keeping in line with my strategy of the Restorative Re-Building of my life). Furthermore, as you have advised,  I have taken a deeper look through my paperwork and have located additional debts

and liabilities that need to be included within my Chapter 7 liquidation bankruptcy. To be clear, My intended purpose for retaining a lawyer was 3-fold; first, to provide immediate financial relief, second, to stay or stop any fraudulent efforts to remove me or take my home and finally to provide a means and platform to addressing my nearly 2 decades long yet still actively evolving Adverse Possession/Predatory Lending case.

After our last discussion I was a bit more hopeful and intrigued by the possibilities of getting my issues truly resolved unlike the reactive patch methods utilized by previous lawyers . In this case I was hoping that we would be utilizing the strategy of the chapter 7 method, because it would directly provide me with immediate financial relief,  and it would even decrease the amount of time, litigation, and expenses on both our ends.

 I thank you for your continued patience and understanding with my complex case. As we also discussed, There are actions being taken on the king's county supreme court front that achieves the same goals as filing for a bankruptcy. (To delay foreclosure and request that the judge reviews and considers the extenuating circumstances connected with this case and real property. (Ref. Index 3054 2015 and 16393 2003) Considering the fact that any official actions taken by the bank or courts would be weeks or months away…I have a question.... maybe I just don't know the legal process, but my question is what is the reason for the urgency or immediate rush, when we know there is already a stay on the property until approximately 19 th February 2020 and we agree that we want to take our time and file this bankruptcy smarter than the last failed bankruptcy?? Im Just curious.

Anyway, Thanks again for being one of the good ones, as we mentioned to you last time. I remain hopeful of the correspondents we are currently with OAG, Specifically, NY State Office of The Attorney General Mrs. Letitia James and we will be sure to mention to her, and her staff in Constituent Services, how patient knowledgeable and helpful you were in helping to responsibly resolve this entire predatory mortgage mess, and how you seem to be nothing like the other firms that we are currently discussing.  Thanks again I look forward, and await to hear from you all as soon as needed be.


Sincerely yours,


Oral Green

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
IN RE:

ORAL M GREEN,

                              Debtor.
-------------------------------------------------------X

tmd3574/nk
AUGUST 19, 2020
9:00AM

Chapter 13
Case No: 120-40029-ESS

## NOTICE OF SETTLEMENT OF
## PROPOSED ORDER DISMISSING CASE

SIRS/MESDAMES:

PLEASE TAKE NOTICE, that an Order of which the within is a true copy will be presented for settlement to the Honorable Elizabeth S. Stong, U.S. Bankruptcy Judge, at the United States Bankruptcy Court at 271 Cadman Plaza East, Brooklyn, New York on August 19, 2020, at 9:00AM.

PLEASE TAKE FURTHER NOTICE, that counter-orders must be presented and served upon the undersigned no later than three (3) days prior to the settle date set forth above, and if no counter-order is presented and served, the attached Order may be signed.

Date:  Jericho, New York
       July 17, 2020


                              s/Marianne DeRosa
                              MARIANNE DEROSA, CH 13 TRUSTEE
                              100 JERICHO QUADRANGLE, STE 127
                              JERICHO, NY 11753
                              (516) 622-1340

tmd3574/nk
THIS ORDER RELATES TO A
HEARING HELD ON
JUNE 29, 2020

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
IN RE:

ORAL M GREEN,

                     Debtor.
-------------------------------------------------------X

Chapter 13
Case No. 120-40029-ESS

ORDER DISMISSING CASE

UPON the February 14, 2020 written application of Marianne DeRosa, Chapter 13 Trustee, (the "Trustee") seeking entry of an Order dismissing the instant Chapter 13 case pursuant to 11 U.S.C. §1307(c) and due notice of the aforesaid application having been given to all necessary parties; and

WHEREAS, on June 29, 2020, the Trustee appeared in support thereof and no one appeared on behalf of the Debtor; and

WHEREAS, Debtor did not file written opposition to the Trustee's Motion to Dismiss as required by E.D.N.Y. LBR 9013-1(b); and

WHEREAS, the Debtor failed to commence making Chapter 13 plan payments to the Trustee, as required by 11 U.S.C. §1326(a)(1); and

WHEREAS, the Debtor failed to file a Chapter 13 Plan, as required by 11 U.S.C. §1321 and Fed. R. Bankr. P. 3015(b); and

WHEREAS, the Debtor failed to file copies of payment advices or other evidence of payment received from any employer within the last 60 days before the filing of the petition as required by 11 U.S.C. §521(a)(1)(B)(iv); and

WHEREAS, the Debtor failed to comply with 11 U.S.C. §521(e)(2)(A)(i) in that the Debtor has failed to provide the Trustee with a copy of a federal income tax return or transcript thereof for the most recent year 7 days before the first meeting of creditors; and

WHEREAS, the Debtor failed to comply with the disclosure requirements of E.D.N.Y. LBR 2003-1; and

WHEREAS, the Debtor failed to appear and be examined at the Section 341 Meeting of Creditors as required by 11 U.S.C. §343; and

WHEREAS, each of the foregoing constitutes cause for dismissal of a Chapter 13 case; and

WHEREAS, based upon the findings of fact and conclusions of law as stated on the record, cause exists to dismiss this case pursuant to 11 U.S.C. §1307(c); it is accordingly

ORDERED, that the instant Chapter 13 case be dismissed pursuant to 11 U.S.C. §1307(c) of the Bankruptcy Code.

Dated: Brooklyn, NY
           , 2020

_____
Hon. Elizabeth S. Stong
United States Bankruptcy Judge

Index No: 120-40029-ESS
UNITED STATES BANKRUPTCY COURT:
EASTERN DISTRICT OF NEW YORK

IN RE

ORAL M GREEN,


Debtor.

## NOTICE OF SETTLEMENT, ORDER DISMISSING CASE
### and
### CERTIFICATE OF SERVICE

**MARIANNE DeROSA, TRUSTEE**
**100 JERICHO QUADRANGLE, STE 127**
**JERICHO, NY 11753**
**(516) 622-1340**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------x

In re:                                                    Chapter 13
                                                          Case No. 1-20-40029-ess

                    ORAL M GREEN,

                                        Debtor.
--------------------------------------------x

## ORDER
## GRANTING MOTION TO WITHDRAW AS COUNSEL FOR THE DEBTOR

Upon consideration of the motion (the "Motion") of Petroff Amshen LLP, for an order

pursuant to Rule 2090-1(d) of the Local Rules for the Eastern District of New York to withdraw

as counsel of record for the Debtor, Oral M Green, and the Affirmation of Steven Amshen, Esq.,

in support of the Motion; and due and sufficient notice of the Motion having been given under the

circumstances; and the Court having reviewed all pleadings and other papers filed or submitted in

connection with the Motion; and after due deliberation and sufficient cause appearing therefor; it

is hereby

~~**ORDERED** that the Motion is granted as provided herein; and it is further~~

**ORDERED** that Petroff Amshen LLP is granted leave to withdraw as counsel for the

Debtor, Oral M Green, and is hereby deemed removed as counsel for the Debtor in this Chapter

13 bankruptcy proceeding; and it is further

**ORDERED** that the Clerk and all parties in interest in this case are authorized and directed

to take all actions necessary to effectuate the relief granted pursuant to this Order; and it is further

**ORDERED** that this Court may retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this order.



Dated: Brooklyn, New York
June 4, 2020

Elizabeth S. Stong
United States Bankruptcy Judge